## Commonwealth *v.* Wilson, Appellant.

Submitted April 23, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Chas Lowenthal,* for appellant.

*Robert B. Lawler, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1973:

The appellant, Marion Wilson, was convicted of first degree murder by a jury and sentenced to life imprisonment in 1967. In a prior direct appeal to this Court the appellant raised eleven separate contentions favoring reversal of his conviction. We affirmed the judgment of sentence.[1] Subsequently, the appellant filed a Post Conviction Hearing Act petition and a counseled evidentiary hearing was held at which the appellant was permitted to raise every issue he deemed appropriate. Post conviction relief was denied by the hearing court and this appeal followed. We affirm the order of the lower court dismissing the appellant's petition.

Although two contentions are raised by the appellant in this appeal, neither is in a position to be considered on the merits. Initially the appellant argues that he is entitled to a new trial because his trial counsel did not provide adequate representation. The appellant's trial counsel, who had been privately retained, also represented a co-defendant charged with the same crime but who was tried in a separate trial. The appellant contends that his counsel's representation of the co-defendant in a separate trial for the same offense constituted a conflict of interest which deprived him of constitutionally guaranteed effective assistance of counsel. Specifically, the appellant contends that dur-

---

[1] *Commonwealth v. Wilson,* 431 Pa. 21, 244 A. 2d 734 (1968), *cert. denied* 393 U.S. 1102 (1969). The circumstances surrounding the crime and the jury trial that followed are fully set forth in Mr. Justice O'BRIEN's original opinion and need not be repeated here.

ing his trial his counsel did not conduct a voir dire examination of certain minor witnesses who testified for the Commonwealth to determine if they were competent to testify. Counsel for the appellant had conducted such an examination of the same minor witnesses when they testified for the Commonwealth at the trial of the co-defendant, which was held prior to the appellant's trial. The minors were found competent in the earlier trial.

There is no need to examine the merits of this contention since the issue of the trial counsel's competency has already been "finally litigated" within the terms of the Post Conviction Hearing Act. Section 3(d) of the PCHA provides that post conviction relief is only available where "the error resulting in [the petitioner's] conviction and sentence has not been finally litigated or waived."[2] Section 4(a)(3) of the Act provides: "For the purpose of this act, an issue is finally litigated if the Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue." In his initial direct appeal the appellant argued that he had been denied effective assistance of counsel at trial. We reviewed the record and ruled that the appellant received "competent assistance of counsel rendered by an experienced trial lawyer."[3] In this petition the appellant has advanced a *new theory* in support of his previously litigated contention that he did not receive adequate assistance of counsel. However, as we stated in a similar situation in *Commonwealth v. Slavik*, 449 Pa. 424, 430, 297 A. 2d 920, 923 (1972): "Merely because [appellant] advances a *new or different theory* as a basis for his previously adjudicated claim does not

---

[2] Act of January 25, 1966, P. L. (1965) 1580, §3(d), 19 P.S. §1180-3(d).

[3] Commonwealth v. Wilson, 431 Pa. 21, 29, 244 A. 2d 734, 739 (1968).

alter the fact that this precise *issue* was decided adversely to petitioner in his previous . . . direct appeal." The appellant raised the issue of the competence of his trial counsel on his direct appeal and that issue was decided adversely to the appellant. The issue is now finally litigated under the terms of the statute and cannot be reopened merely by asserting another theory upon which incompetence could be founded.[4]

Appellant's second contention is that the district attorney's office failed to complete a post trial investigation ordered by the trial court to determine if there was any truth in alibi information given to the court by the appellant at the close of his trial. Just prior to the imposition of sentence, when the appellant was asked if he had anything to say, he stated that he had not committed the murder but that he knew who did. In response the trial judge directed the district attorney's office to investigate the statement made by the appellant and to report back to the court. From the record it appears that an investigation was started but never completed and there is no evidence of the final report to the court which was requested. Appellant contends that the failure of the district attorney to submit a final report was a denial of due process and entitles him to a new trial. However, this contention was not raised at the post conviction hearing below and cannot be considered on appeal. The rule

---

[4] Not only was the issue of the competence of trial counsel considered in the appellant's first appeal, but the very issue of counsel's failure to conduct a voir dire examination of the minor witnesses to determine competence was specifically treated. As Mr. Justice O'BRIEN stated in the opinion disposing of the appellant's direct appeal: "While we are of the opinion that the safest course would have been to conduct a formal voir dire, we fail to see how appellant was prejudiced by the procedure followed here. The testimony of the witnesses revealed them to be competent . . ." *Commonwealth v. Wilson*, 431 Pa. 21, 31, 244 A. 2d 734, 739-40 (1968).

that issues not raised in the court below cannot be considered on appeal applies with equal force to post conviction proceedings.

Order affirmed.