COMMONWEALTH of Pennsylvania, Appellee

v.

**Junius Maurice FORD, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 2011.

Filed May 8, 2012.

Elizabeth A. Hoffman, Harrisburg, for appellant.

Christopher J. Schmidt, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: BOWES, OLSON, and COLVILLE,* JJ.

OPINION BY BOWES, J.:

Junius Maurice Ford appeals from the order entered May 10, 2010, in which the court denied his PCRA petition. After careful review, we affirm.

A prior panel of this Court articulated the facts of this case as follows.

In November of 2007, Appellant was arrested and charged in connection with a robbery that occurred in the parking lot of Harrisburg Dairies. The record reflects that in the early morning hours

---

* Retired Senior Judge assigned to the Superior Court.

of November 12, 2007, Brandon Clarke, a dairy employee arriving for work, discovered Appellant sitting in a company truck, eating Clarke's lunch. Clarke asked Appellant what he was doing sitting [in] his company truck, but Appellant did not reply. After a few moments, Appellant exited the truck and walked across the parking lot. Clarke testified that he watched as Appellant engaged another dairy employee, Dale Haldeman, in what appeared to be normal conversation.

Haldeman, the victim herein, testified that he had just arrived in the company parking lot and was standing next to the passenger door of his pick-up truck when Appellant approached and asked for a ride. Haldeman refused. Undeterred, Appellant repeated his request, and Haldeman again refused. Standing within one foot of Haldeman, Appellant, apparently intoxicated, then demanded that Haldeman empty his pockets. Now fearing that he was being mugged, Haldeman emptied his pockets, and gave Appellant his wallet, keys, and two cell phones. Appellant did not leave, however, and instead repeatedly warned Haldeman that if his wallet did not contain $50.00 he would kill him. Appellant then attempted to punch Haldeman, but the punch was deflected by the truck door and the victim. Appellant stumbled backward, but once again approached the victim in an aggressive manner. Haldeman pushed Appellant and told him to "get out of here."

At that time, another employee arrived in the lot. Haldeman told that employee to call 911. Haldeman followed Appellant for about one block and watched as Appellant dropped Haldeman's belongings in an alleyway between the employee and company truck parking lots.

About 30 minutes later, as Haldeman stood in that alleyway with a group of about six men, Appellant reappeared. Apparently not recognizing his victim, Appellant staggered in a drunken manner toward the group and asked another man for a ride. That man likewise refused and Appellant started to walk away.

At that moment, a police car responding to the 911 call arrived. Officer Russell Winder noted that Appellant matched the description of the assault/robbery suspect. Appellant identified himself to officers as Troy Ford, and explained that he was merely asking the men for a ride. The officer took Appellant into custody for public drunkenness. Appellant ultimately was charged with robbery, terroristic threats, simple assault, false identification to law enforcement authority, and public drunkenness.

*Commonwealth v. Ford,* 987 A.2d 813 (Pa.Super.2009) (unpublished memorandum, at 1–4) (citations omitted). Thereafter, the Commonwealth offered Appellant a ten-to-twenty-year sentence in exchange for his guilty plea to robbery. The Commonwealth specifically informed Appellant's trial counsel, a Dauphin County public defender, that it would seek imposition of a twenty-five-year minimum sentence pursuant to 42 Pa.C.S. § 9714, based on Appellant's two prior convictions for crimes of violence. Counsel relayed this information to Appellant, who declined the offer. Both counsel and her supervisor subsequently met with Appellant and again advised him of the possible twenty-five-year minimum sentence. Appellant informed his attorney that he did not want to accept a plea.

Three days prior to Appellant's scheduled jury trial, he expressed reservations about proceeding before a jury. Appel-

lant's attorney advised him that he could either request a bench trial or accept the plea offer instead of presenting his case to the jury. Appellant sought a bench trial and, during the jury trial waiver colloquy, the Commonwealth explained to Appellant that he faced a maximum sentence of twenty years incarceration, and not the possibility of a twenty-five-year minimum sentence under 42 Pa.C.S. § 9714(a)(2). Counsel chose not to correct the Commonwealth in this regard.

Following the bench trial, the court adjudicated Appellant guilty of the robbery charge.[1] The court was then made aware of the applicable three-strike statute and sentenced Appellant to twenty-five to fifty years imprisonment. Appellant did not file a direct appeal, but timely sought PCRA relief in the nature of reinstatement of his direct appeal rights *nunc pro tunc.* The PCRA court, prior to appointing counsel and with the agreement of the Commonwealth, reinstated Appellant's direct appeal rights. The court then appointed Appellant's trial counsel to represent him during his direct appeal and issued an order pursuant to Pa.R.A.P.1925(b). Counsel filed a statement of intent to file an *Anders/McClendon* brief. On appeal, counsel filed a petition to withdraw and *Anders* brief. With one judge dissenting, this Court determined that Appellant's appeal was wholly frivolous and permitted counsel to withdraw. The dissent opined that there was "a legitimate question as to whether Appellant's actions warranted a first-degree felony robbery conviction, and therefore whether he should have been subject to a 'third strike' sentence." *Commonwealth v. Ford,* 987 A.2d 813 (Pa.Super.2009) (unpublished dissenting memorandum at 1).

Appellant filed a timely PCRA petition, and the court appointed a new attorney.

PCRA counsel initially sought to withdraw on the basis that Appellant had no meritorious issues. The PCRA court denied that motion and scheduled an evidentiary hearing on the issue of whether trial counsel was ineffective for failing to object to the mischaracterization of the maximum sentence Appellant could receive during his jury-trial waiver colloquy.

At the evidentiary hearing, trial counsel testified that Appellant was well aware that he could be sentenced to twenty-five to fifty years incarceration and that she chose not to inform the court during the jury trial waiver colloquy of the applicable sentencing provision after discussing the issue with the district attorney. Specifically, the district attorney believed that the trial court's judgment might be affected if the court was aware that Appellant was previously convicted of two prior crimes of violence. Trial counsel's supervisor also testified that he and Appellant's attorney informed Appellant of the applicable three-strike mandatory sentencing scheme. Appellant, however, testified that trial counsel never relayed any plea offer to him and denied that any attorney informed him that he would be subject to a twenty-five-year minimum sentence. The PCRA court deemed Appellant's testimony incredible and denied relief.

Subsequently, initial PCRA counsel filed a notice of appeal that was one day late. A panel of this Court quashed the appeal as untimely and Appellant filed a *pro se* petition for allowance of appeal asserting that PCRA counsel was ineffective in failing to file a timely appeal. PCRA counsel filed a motion to withdraw before the PCRA court based on the allegation of her ineffectiveness. The Supreme Court, under the impression that PCRA counsel was permitted to withdraw, remanded to the

1. The Commonwealth withdrew the remaining charges.

PCRA court "for a determination of representation." *See* Supreme Court Per Curiam Order, 81 MAL 2011, 3/15/2011. The High Court further instructed that Appellant could request *nunc pro tunc* relief from the May 10, 2010 order within thirty days of the PCRA court's determination regarding counsel's status. *Id.*

The PCRA court appointed current counsel who timely filed this *nunc pro tunc* PCRA appeal. Counsel also filed a Pa.R.A.P. 1925(b) concise statement and the PCRA court authored its Pa.R.A.P. 1925(a) opinion. Appellant raises two issues on appeal.

1. Whether Appellant received ineffective assistance of trial counsel when said counsel failed to object to the Commonwealth's misrepresentation of the maximum sentence which Appellant could receive and thereby allowed Appellant to waive unknowingly and involuntarily his right to a jury trial?

2. Whether the initial PCRA counsel rendered ineffective assistance of counsel because she did not argue in the amended petition that Appellant's appellate counsel was ineffective when said appellate counsel filed an *Anders* brief on direct appeal given that the dissenting opinion to the Superior Court decision showed that the insufficiency of the evidence argument was not frivolous but in fact a viable challenge to Appellant's conviction of first-degree robbery?

Appellant's brief at 4.

 We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett,* 5 A.3d 1260, 1267 (Pa.Super.2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We

will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter,* 21 A.3d 680, 682 (Pa.Super.2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy,* 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves,* 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Colavita,* 606 Pa. 1, 993 A.2d 874, 886 (2010).

Appellant's initial challenge is to the effectiveness of trial counsel. As we set forth in *Burkett, supra,*

> Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

> To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*Burkett, supra* at 1271–1272 (internal citations and quotations omitted).

■ Appellant contends that even assuming counsel advised him that he could be sentenced to twenty-five to fifty years, this advice "does not overcome a defective colloquy made before the court." Appellant's brief at 9. Since counsel did not object to the statement that Appellant's maximum sentence would be twenty years, he maintains that counsel allowed him to unknowingly waive his right to a jury trial. Additionally, he posits that trial counsel could not have had a reasonable basis for not objecting to the Commonwealth's representation that the maximum sentence was twenty years. According to Appellant, if counsel had objected, there is a reasonable probability that he would have elected to proceed to a jury trial.

The Commonwealth counters that because Appellant was repeatedly informed before the waiver colloquy of the correct minimum sentence he faced, his claim must fail. The Commonwealth further highlights that although a jury trial waiver may be unknowing if the defendant is incorrectly informed of a range of sentences that is less than the sentence that the court can impose after a conviction, a defendant must show that his understanding of the length of the sentence was a material factor in the decision to waive his right to a jury trial. *See Commonwealth v. Houck*, 596 Pa. 683, 948 A.2d 780, 788 (2008). Since Appellant was aware of the sentencing possibilities, the Commonwealth submits that Appellant's potential sentence was not a material factor in his decision to waive his jury trial rights. We agree.

The record evinces that Appellant was repeatedly instructed that he could face a twenty-five year minimum sentence if he proceeded to trial and was convicted. Although counsel elected not to object to the Commonwealth's incorrect representation during the colloquy that Appellant's potential maximum sentence was twenty years, both trial counsel and her supervisor informed him of the twenty-five-year minimum. As the learned PCRA court cogently stated,

> the record before the court produced at the May 10, 2010 PCRA hearing established beyond any reasonable peradventure that in making his decision to waive a jury trial, petitioner did not rely upon the misrepresentation that a robbery conviction would subject him to a 20 year maximum sentence. The credible evidence presented at the PCRA hearing was that petitioner agreed to proceed with a waiver trial after he got 'cold feet' and expressed 'fear and concern' about going before a jury and not because he was told a 20 year maximum sentence would apply to a robbery conviction.

PCRA Court Opinion, 8/18/11, at 7. Hence, Appellant's first issue fails.

■ Appellant presents his next issue as a layered claim of ineffectiveness. Appellant asserts that initial PCRA counsel was ineffective in neglecting to raise appellate counsel's effectiveness for filing an *Anders* brief. In light of recent Pennsylvania Supreme Court pronouncements, we must determine if we are permitted to address the merits of this claim since Appellant raised it for the first time in his 1925(b) statement. Our Supreme Court in four recent cases has discussed addressing issues of PCRA counsel effectiveness when not raised in a PCRA petition below.

In *Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125 (2009), a three to three split occurred among the Justices as to whether claims of capital PCRA counsel effectiveness could be addressed when they were not raised in a PCRA petition. In *Ligons*, the PCRA court decided the

appellant's case and issued a final order. The appellant submitted a *pro se* motion requesting new counsel and sought to raise a jury selection issue that had not been addressed. The PCRA court declined to appoint new counsel, but permitted previously-appointed counsel to raise the new claim. Appointed counsel presented the issue and the court addressed it on its merits. Thereafter, the Federal Defender organization filed a notice of appeal and entered its appearance. The Federal Defender raised six more issues related to the effectiveness of PCRA counsel not presented below.

Justice Baer, joined by Justices Saylor and Todd, reasoned that the only method to enforce a defendant's right to effective PCRA trial counsel is by evaluating the merits of such claims. Chief Justice Castille, joined by Justices Eakin and McCaffery, rejoined in a concurring opinion that the Supreme Court should not review allegations of capital PCRA counsel ineffectiveness raised for the first time on appeal because it afforded such a defendant an ability to litigate serial PCRA petitions *ad infinitum.* The Chief Justice submitted that because *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), no longer required issues to be raised at the earliest opportunity, the ordinary structure of raising issues in the PCRA was all that remained and concluded that the PCRA ineffectiveness issues should not be reached.

Chief Justice Castille opined that Justice Baer's view negated "both judicial issue preservation principles and the explicit terms of the PCRA[.]" *Id.* at 1159. In addition, he reasoned that reviewing such claims raised "separation of powers concerns to the extent it dismisses the PCRA's express jurisdictional and serial petition limitations." *Id.* According to the Chief Justice, reviewing claims of PCRA counsel ineffectiveness, post-*Grant,* when they are not examined by the PCRA court results in the appellate court acting "not as a reviewing court, but as a trial court passing upon claims that amount to a serial PCRA petition that was not filed within the one-year jurisdictional limitations period mandated by the PCRA." *Id.* at 1161.[2] Indeed, the Chief Justice asserted that "the notion that there must be some formalized, PCRA-like procedure for vindication of claims of PCRA counsel ineffectiveness, if taken to its logical conclusion, would require approval of an infinite series of collateral attacks." *Id.* at 1167. For the Chief Justice, reviewing claims of PCRA counsel ineffectiveness when raised for the first time on appeal flouted the PCRA waiver and jurisdiction provisions.

Much of the Chief Justice's concerns in *Ligons* were the result of the Federal Defender's attempt to intervene as volunteer counsel after the PCRA court issued its final order. *See id.* at 1167–1168. He noted that the Federal Defender filed a notice of appeal and simultaneously entered its appearance, though not appointed, and included within its jurisdictional statement six layered claims of PCRA counsel ineffectiveness not raised before the PCRA court.[3] Underlying Chief Jus-

---

**2.** Then–Justice Castille articulated a similar argument in a concurring and dissenting opinion in *Commonwealth v. Moore,* 569 Pa. 508, 805 A.2d 1212 (2002), where a fractured court addressed claims of PCRA counsel effectiveness raised for the first time on discretionary review. In addition, Chief Justice Castille set forth a similar position in *Commonwealth v. Jones,* 572 Pa. 343, 815 A.2d 598 (2002) (OAJC). The instant case is not a discretionary appeal.

**3.** It is clear that the Chief Justice views Federal Defender intervention in state capital matters as a means of delaying cases and utilizing the PCRA process to advance their anti-death penalty agenda. *See Commonwealth v. Spotz,* 18 A.3d 244 (Pa.2011) (Castille, C.J.concur-

tice Castille's view is his position that there is no constitutional right to PCRA counsel and that the rule-based right to effective assistance of PCRA counsel does not require the same exacting standards afforded to individuals with a Sixth Amendment constitutional right to counsel. *Id.* at 1169. The Chief Justice, nonetheless, did recognize that there must be a means of protecting the rule-based right to effective assistance of counsel in capital cases. He posited that proper supervision by the PCRA courts would ensure that capital counsel appropriately discharge their duties.

Justice Baer's approach relied upon existing precedent that the rule–based right to counsel must include an enforceable right to effective counsel in first-time PCRA matters. He rejected the Chief Justice's position that challenges on appeal to PCRA counsel's effectiveness are new claims because it "renders a PCRA petitioner's right to effective representation unenforceable and, therefore, meaningless." *Id.* at 1139. Justice Baer highlighted that a petitioner can never raise a claim of PCRA counsel ineffectiveness during that PCRA matter because the proceeding has not concluded. Defendants have no right to hybrid representation and therefore cannot raise the issue while still represented by the PCRA attorney. *See Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011). Noting that the one-year time bar would preclude the petitioner from asserting that the court had jurisdiction in any future petition, Justice Baer contended that the only means of protecting the rule-based right to effective counsel is by reviewing claims like the one herein, if developed, on appeal. Furthermore, he found Chief Justice Castille's proposed remedy

relating to oversight by the PCRA court to be "wholly inadequate." *Id.* at 1140. In this regard, Justice Baer posited that the Chief Justice's "approach is unrealistic as the PCRA court has no way to identify or investigate collateral claims that do not appear on the face of the record[.]" *Id.*

Following *Ligons*, the Supreme Court for the first time held conclusively that claims of non-capital PCRA counsel's ineffectiveness could not be raised for the first time on appeal. *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009). In *Pitts, supra*, counsel filed a *Turner/Finley* no-merit letter that thoroughly analyzed each of the petitioner's issues and averred that no other issues of arguable merit existed. The PCRA court issued a notice of intent to dismiss and Pitts did not respond. Thereafter, the PCRA court dismissed the petition. Pitts appealed, raising an entirely new issue that asserted PCRA counsel was ineffective in failing to allege his plea counsel's ineffectiveness in declining to file a direct appeal. A panel of this Court reversed the PCRA court and remanded for an evidentiary hearing based on Appellant's issue. The Commonwealth petitioned for reargument, which this Court granted. The panel again remanded for an evidentiary hearing, this time opining that the *Turner/Finley* no-merit letter was inadequate.

Our Supreme Court rebuked this Court for *sua sponte* addressing the propriety of a *Turner/Finley* no-merit letter where that specific issue was not raised on appeal and in two separate footnotes addressed waiver of claims related to both challenging the adequacy of a no-merit letter and PCRA counsel's effectiveness. In footnote three of its opinion, the *Pitts* Court opined, "The Commonwealth asserts

ring); *Commonwealth v. Birdsong*, 24 A.3d 319 (Pa.2011) (Castille, C.J. concurring). These concerns are not present before this

Court, as non-capital defendants have no incentive to delay disposition of their PCRA petition.

Pitts waived any issue pertaining to the adequacy of PCRA counsel's no-merit letter by failing to raise it during Rule 907's 20–day response period. We agree, finding Pitts's failure to challenge PCRA counsel's withdrawal upon his receipt of counsel's no-merit letter or within the 20–day period telling." *Pitts, supra* at 879 n. 3. Similarly, in footnote four of the decision, the Court reasoned:

> Pitts's failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness for not raising the direct appeal issue results in waiver of the issue of PCRA counsel's ineffectiveness. Pitts's attempt to obtain review, on collateral appeal, of an issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal. Although Pitts asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa. R.Crim.P. 907, yet he failed to do so. Thus, the issue of whether PCRA counsel was ineffective for failing to raise the direct appeal issue was waived, and the Superior Court should not have reached it.

*Pitts, supra* at 880 n. 4. As the *Pitts* footnotes indicate, when counsel files a *Turner/Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.[4]

In *Colavita, supra,* in a footnote, as an alternate theory to affirm, the Court cited to the *Pitts* decision and stated that the defendant/appellee could not raise ineffective assistance of PCRA counsel on discretionary appeal. *Colavita, supra* at 893 n. 12. The Court did not discuss the fact that no *Turner/Finley* letter was at issue and PCRA counsel was not attempting to withdraw when the PCRA court issued its notice of intent to dismiss. Furthermore, it should be acknowledged that in *Colavita,* the Commonwealth was the appellant and the matter was a discretionary appeal. *Id.* ("Our discretionary grant of the Commonwealth's allocatur petition did not encompass such a new [PCRA ineffectiveness] claim. Hence, it is not properly before this Court."). Most recently, in *Commonwealth v. Jette,* 23 A.3d 1032, 1044 n. 14 (Pa.2011), the Supreme Court in discussing the issue of hybrid representation during a PCRA appeal, again in a footnote, quoting *Colavita* and citing *Pitts,* remarked that claims of PCRA counsel cannot be raised for the first time on appeal.

This Court, for its part, prior to the decision in *Jette,* but after *Colavita,* expressly distinguished *Pitts* and reviewed a claim of PCRA counsel's effectiveness raised for the first time on appeal. *Burkett, supra.* In *Burkett,* due largely to inaction on the part of numerous PCRA attorneys, it took sixteen years to decide the defendant's petition. The PCRA court therein held an evidentiary hearing fifteen years after the filing of the petition; it was not required to nor did it file a notice of

---

4. When counsel files a *Turner/Finley* no-merit letter and counsel has not yet been permitted to withdraw, the rule against hybrid representation is inapplicable, as the petitioner can file a *pro se* response. Ordinarily, as occurred in *Pitts,* attorneys are permitted to withdraw by the final order dismissing the petition, not when the notice of intent to dismiss is filed. Hence, at the time the petitioner responds, he would ostensibly be represented by counsel. If the PCRA court allows counsel to withdraw when the court issues its notice of intent to dismiss, then there are no issues regarding hybrid representation.

intent to dismiss. Thus, the rationale of the *Pitts* footnotes was inapplicable. The *Burkett* Court, citing *Commonwealth v. Lauro*, 819 A.2d 100 (Pa.Super.2003), *Commonwealth v. Malone*, 823 A.2d 931 (Pa.Super.2003), *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998), *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293 (1999), and *Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161 (1999), ruled that the ineffectiveness claim could be reviewed and found it meritless. *See also Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736, 738 (1989) ("the right to counsel is meaningless if effective assistance is not guaranteed. Since appellant was entitled to representation by an attorney in his pursuit of this collateral attack, he was entitled to adequate representation of his claims at both the hearing and appellate levels.").

The PCRA statute itself, unlike the federal habeas law and other state collateral statutes, does not explicitly forbid relief for claims of ineffective assistance of post-conviction counsel. *See* 28 U.S.C. § 2254 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Colo.Rev.Stat. § 16–12–205(5); Fla. Stat. ch. 27.711(10); N.C. Gen.Stat. § 15A–1419; Ohio Stat. Ann. § 2953.21(H)(I)(2); Va.Code § 19.2–163.8. Moreover, when the General Assembly passed the PCRA statute, including the subsequent amendment instituting the one-year time bar, the law of this Commonwealth plainly permitted claims of collateral counsel's effectiveness to be raised for the first time on appeal. *See Albert, supra; Commonwealth v. Jones*, 507 Pa. 580, 493 A.2d 662, 664 n. 2 (1985); *Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983); *Commonwealth v. Simmons*, 312 Pa.Super. 501, 459 A.2d 14 (1983), *reversed on other grounds*, 504 Pa. 565, 475 A.2d 1310 (1983); *Commonwealth v. Ramsey*, 300 Pa.Super. 515, 446 A.2d 974 (1982).

In passing the PCRA statute, the legislature could not have anticipated *Grant*'s holding that defendants were no longer required to raise issues at the first opportunity as it set forth that the statute was "not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence[.]" 42 Pa.C.S. § 9542. Had the legislature intended that claims of PCRA counsel ineffectiveness could not be raised for the first time on appeal, it could have expressly provided as such in the statute as other states have done. Furthermore, because petitioners are not permitted to pursue hybrid representation and counsel cannot allege his own ineffectiveness, claims of PCRA counsel ineffectiveness cannot ordinarily be raised in the state post-conviction proceeding below.

Moreover, no Pennsylvania Supreme Court decision has opined on the implications of *Grant*, with regard to whether that decision effectively fashioned either a federal or Pennsylvania constitutional right to counsel for purposes of a first-time PCRA. For its part, the United States Supreme Court left open the possibility that where a state mandates that ineffectiveness claims can only be raised in a collateral proceeding, there could be a constitutional right to counsel in the initial proceeding. *Coleman v. Thompson*, 501 U.S. 722, 755–757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991);[5] *id.* at 773–774, 111 S.Ct. 2546 (Blackmun, J. dissenting) ("if a State desires to remove

---

**5.** This would mean that a petitioner has a federal constitutional right to counsel at the trial PCRA level, but not from any appeal.

from the process of direct appellate review a claim or category of claims, the Fourteenth Amendment binds the State to ensure that the defendant has effective assistance of counsel for the entirety of the procedure where the removed claims may be raised."); *see also Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 422, n. 2 (1998). Thus, it is not altogether clear that the decision in *Grant* does not create a federal or state constitutional right to counsel on a first-time PCRA.

Additionally, no Pennsylvania court has expounded on whether either the federal due process clause or its Pennsylvania equivalent, *see* Art. I, § 9 ("nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land"), protects a constitutional right to effective assistance of counsel during collateral review where state law mandates counsel for first-time PCRA matters.[6] The federal courts have, in mostly cursory fashion, held that the federal due process clause does not guarantee a constitutional right to effective counsel even where state law requires the appointment of counsel. *Caswell v. Ryan,* 953 F.2d 853 (3d Cir.1992) ("Ineffectiveness of [PCRA] counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated"); *Pursell v. Horn,* 187 F.Supp.2d 260, 373 (W.D.Pa. 2002) ("the due process clause does not require counsel for state post-conviction proceedings, whether state law requires such counsel or not."); *In re Goff,* 250 F.3d 273 (5th Cir.2001). Thus, federal courts have concluded that fundamental fairness does not include effective assistance of post-conviction counsel during an initial collateral attack. Whether Pennsylvania courts will follow suit has yet to be decid-

ed. This is likely because it was previously presumed that the rule-based right to effective assistance of counsel is enforceable in some manner. *Priovolos, supra* at 422.

That manner, however, is not via raising the issue of PCRA counsel's effectiveness for the first time on appeal. *See Commonwealth v. Paddy,* 609 Pa. 272, 15 A.3d 431, 479 (2011) (Saylor, J. concurring and dissenting) ("a majority of the Court now appears to be suggesting that there effectively can be no state-level redress for such deficient stewardship."); *Commonwealth v. Hill,* 609 Pa. 410, 16 A.3d 484, 498 (2011) (Saylor J. dissenting). Appellant presents no argument in support of his ability to raise this challenge, implicitly assuming that we can address the claim, nor has Appellant presented any constitutional argument regarding his right to effective PCRA counsel.

We acknowledge that Appellant did raise the ineffectiveness of PCRA counsel issue in his Pa.R.A.P. 1925(b) statement after the Supreme Court remanded the matter and new counsel was appointed for purposes of advancing his appeal *nunc pro tunc, i.e.,* at the first opportunity. Additionally, the PCRA court addressed the issue in its Pa.R.A.P. 1925(a) opinion. Appellant's question also pertains to matters of record and does not require this Court to engage in any factual findings. Thus, several of the concerns expressed for not addressing such a claim are not present. Nonetheless, a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. In addition, the Supreme Court's remand order in the instant case allowed for the appoint-

---

**6.** In *Grinols v. State,* 74 P.3d 889 (Alaska 2003), the Alaskan Supreme Court ruled that its state constitution due process clause pro-

tected a right to effective assistance of post-conviction counsel during initial collateral review.

ment of counsel, not for the collateral review process to begin anew. Therefore, we hold that, absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

Order affirmed.

Judge COLVILLE files a Concurring Opinion.

## CONCURRING OPINION BY COLVILLE, J.:

For the reasons that follow, I concur with the Majority's decision to affirm the order denying Appellant's PCRA petition.

At Appellant's jury waiver colloquy, the Commonwealth misrepresented that, for his charge of robbery, Appellant faced a maximum sentence of twenty years in prison if he would be convicted. In fact, he faced a mandatory minimum sentence of twenty-five years if he would be convicted. Appellant first claims that trial counsel was ineffective for failing to object to this misrepresentation. Appellant argues that this ineffectiveness rendered his jury waiver involuntary.

In order for Appellant to be eligible for relief based upon his claim that he involuntarily waived his right to a jury, he ultimately was required to prove that, in waiving this right, he relied on the incorrect recitation of his sentence. *See Commonwealth v. Houck*, 596 Pa. 683, 948 A.2d 780, 788–89 (2008) ("[T]he voluntariness of a jury waiver can be undermined where the defendant is informed of a range of potential sentences at a jury waiver colloquy that is less than the sentence eventually imposed.... [I]f a defendant seeks to invalidate an otherwise valid jury waiver based on a trial court's recitation of his or her potential sentence, the defendant

should be required to demonstrate that his or her understanding of the length of the potential sentence was a material factor in making the decision to waive a jury trial.... We believe, on balance, that the most appropriate rule is one requiring defendants to show reliance on a recitation of a sentence to qualify for relief."). In my view, Appellant is due no relief because he failed to offer any evidence which demonstrates that he relied on the misrepresentation of his sentence in deciding to waive his right to a jury trial.

Under his second issue, Appellant claims that PCRA counsel rendered ineffective assistance of counsel. I agree with the Majority insomuch as it concludes that the Supreme Court apparently has determined that such claims cannot be raised for the first time on appeal.