J-S10024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANUEL SANTIAGO | |
| Appellant | No. 1549 EDA 2014 |

Appeal from the PCRA Order entered May 15, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001868-2013

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 17, 2015**

Appellant, Manuel Santiago, appeals from an order denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On September 11, 2013, Appellant pled *nolo contendere* to aggravated assault with a deadly weapon and simple assault.[1]  The charges stemmed from an incident in the apartment of Appellant's girlfriend.  Appellant repeatedly punched his girlfriend and then incapacitated a responding security guard with the guard's Taser.  **See** N.T. Guilty [sic] Plea & Sentencing, 9/11/13, at 14-16.  The Commonwealth withdrew several other

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 2701(a)(1), respectively.

pending charges against Appellant, and he received a county jail sentence of 11½ to 23 months followed by 18 months of probation.

On December 6, 2013, Appellant filed a timely first PCRA petition.  In the petition, he claimed his plea counsel induced him to plead *nolo contendere* by promising something undeliverable—that Appellant could withdraw his plea after sentencing.  The PCRA court held a hearing at which Appellant and his plea counsel testified.  On April 16, 2014, the PCRA court denied relief, and this appeal followed.

On appeal, Appellant contends the PCRA court erred in rejecting his claim that plea counsel rendered constitutionally ineffective assistance.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  . . . Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

To prevail, Appellant must show his plea counsel rendered ineffective assistance of counsel.

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. . . . [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (quoting *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014)).

To prove his claim, Appellant testified that plea counsel induced him to plead *nolo contendere* by assuring him he could withdraw his plea post-sentence. Appellant stated he wanted to review the transcripts of the 911 call and preliminary hearing, and plea counsel said he could withdraw his plea after reviewing those materials. Appellant testified further that he was not given his medication the day he pleaded *nolo contendere*, and he felt dizzy.[2] In contrast, plea counsel testified he never would have advised that Appellant could easily withdraw his plea in the future. Plea counsel testified that Appellant chiefly wanted to avoid a state-prison sentence. Finally, plea counsel remembered that Appellant was not given his medication that day.

Weighing the evidence, the PCRA court accepted plea counsel's testimony as more credible than Appellant's.

_____

[2] The record shows that Appellant suffers from anxiety and that he takes an unspecified medicine to treat it. *See* N.T. PCRA Hearing, 2/26/14, at 21-22, 37-38.

> Simply put, there is no credible evidence of [plea counsel's] making any assurances about withdrawing the pleas. I do not believe [plea counsel] said such a thing. Furthermore, [Appellant's] claim that his *nolo contendere* pleas were "unlawfully induced" is undercut by the record developed at the plea hearing conducted on September 11, 2013. I asked [Appellant] if any promises were made to him other than the plea bargain in order to get him to enter the pleas. [Appellant] answered in the negative.

PCRA Court Opinion, 4/16/14, at 5-6. The PCRA court also rejected Appellant's claim that the plea was involuntary because Appellant had not taken his medication that morning and was feeling dizzy. *Id.* The record supports the PCRA court's finding that Appellant was thoroughly colloquied prior to pleading *nolo contendere*, including on whether his medication affected him:

> THE COURT: Do you have any drugs or alcohol in your system?
>
> [APPELLANT]: No. For mental mood disorders.
>
> THE COURT: So prescription medication that you have?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And does that affect your thinking here at all?
>
> [APPELLANT]: No, it doesn't, Your Honor.

N.T. Guilty [sic] Plea & Sentencing, 9/11/13, at 8. The remainder of the colloquy supports the PCRA court's finding that it advised Appellant of his rights and that Appellant entered his plea knowingly, voluntarily, and intelligently. *See id.* at 8-14. Because the record supports the PCRA court's findings, they bind this Court. *Ford*, *supra*.

We agree with the PCRA court that Appellant's claim lacks merit. He has not met his burden of showing that his plea was involuntary or

unknowing.    Appellant therefore cannot show his plea counsel was ineffective.  The PCRA court did not err in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2015