J-S44041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC RAMBERT, | : | |
| | : | |
| Appellant | : | No. 2052 EDA 2015 |

Appeal from the PCRA Order June 24, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0625331-1983

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 08, 2016**

Eric Rambert ("Rambert") appeals, *pro se,* from the Order dismissing his seventh Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 21, 1983, Rambert entered a negotiated guilty plea to rape, involuntary deviate sexual intercourse, burglary, robbery and conspiracy.  On the same date, the trial court sentenced Rambert to an aggregate prison term of ten to twenty-five years in prison.  Rambert did not file a direct appeal.

Rambert filed six previous PCRA Petitions, all of which were dismissed. On July 29, 2010, Rambert filed the instant PCRA Petition.  Rambert filed numerous supplemental Petitions from March 2013 to May 2014.  On May 21, 2015, the PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss.  Thereafter, on June 24, 2015, the PCRA court dismissed Rambert's

PCRA Petition as patently untimely, after which Rambert filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, Rambert's sentence, which imposed a maximum of twenty-five years, appears to have been completed. Thus, Rambert is ineligible for relief under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i).[1]

However, even if Rambert was still serving a sentence, he would be ineligible for relief. Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

---

[1] According to the Commonwealth, Rambert is likely serving sentences for unrelated crimes, which he committed while in prison on or about January 27, 1987. ***See*** Brief for the Commonwealth at 9 n.2.

Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3).

Here, Rambert's judgment of sentence became final in December 1983 when the time to seek review with this court expired. *See* Pa.R.A.P. 903(a). Rambert had until December 1984 to file a timely PCRA petition. Therefore, Rambert's July 2010 PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time frame, the PCRA provides three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *See id.* § 9545(b)(2).

Rambert has not pled or proven any of the timeliness exceptions. While Rambert has raised ineffective assistance of counsel claims, such claims do not qualify as a timeliness exception. *See Commonwealth v. Yarris*, 731 A.2d 583, 586 (Pa. Super. 1999) (stating that ineffective assistance of counsel claims do not invoke any of the timeliness exceptions).

Based upon the foregoing, the PCRA court properly dismissed Rambert's PCRA Petition.

Order affirmed.

J-S44041-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

- 4 -