J-S10016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XAVIER CROOM | : | |
| | : | |
| Appellant | : | No. 1441 MDA 2019 |

Appeal from the PCRA Order Entered July 31, 2019,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0000807-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:　　**FILED: APRIL 6, 2020**

Xavier Croom appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant factual and procedural history underlying the instant appeal can be summarized as follows.  In 2018, while Croom was on supervised probation for receiving stolen property (a firearm), Berks County Adult Probation Officers Brian Hartling and Carlo DeAngelo performed a routine home compliance visit at Croom's approved residence.  N.T. Suppression, 4/25/18, at 5-6, 24, 25, 27.  When speaking with Croom in the living room area of the residence, the officers detected an odor of marijuana. *Id*. at 25, 31.  The officers had both training and years of experience in detecting the smell of burnt and unburnt marijuana.  *Id*. at 8, 19, 27.  It is a

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

violation of a Berks County probation or parole to possess or smoke marijuana. *Id*. at 10, 28.

During a tour of the residence with Croom, the officers noticed that the smell became noticeably stronger in an upstairs bedroom, and as they approached the basement area. *Id*. at 8, 10, 18-19, 26. The officers concluded that the smell of unburnt marijuana was strongest in the middle of a makeshift music studio in the basement. *Id*. at 8-9. Officer Hartling stood on a two-inch concrete ledge in the studio and observed a backpack and a grey box in the rafters of the basement ceiling. *Id*. at 9-10. Officer Hartling did not need to move any ceiling tiles to see the backpack and the grey box because the rafters were in open view. *Id*. Based on the officers' observation of the backpack and grey box stored in the rafters near where the smell of unburnt marijuana was the strongest, the officers believed that they had reasonable suspicion to conduct a property search of the basement, which was an area of equal access and control. *Id*. at 10. Officer Hartling then contacted his supervisor, and requested permission to search the basement area. *Id*. at 10-11. Officer Hartling's supervisor approved the search of the basement. *Id*. at 11, 23, 28. After receiving such approval, Officer Hartling retrieved from the rafters the backpack and grey box, along with a plate with a scale and a spoon coated in a white powdery substance, and small glassine baggies commonly used to package drugs. *Id*. at 11, 23, 37. Inside the backpack, the officers found approximately twenty sandwich bags containing suspected marijuana. *Id*. at 11. The markings on the gray box indicated that contained

a .45 caliber Ruger firearm. *Id*. at 12. No firearm was in the box; however it contained a loaded magazine. *Id*. It is a violation of Bucks County probation or parole to possess a firearm or ammunition. *Id*. Croom denied having a firearm in the house. *Id*.

Based on the items discovered in the basement, Officer Hartling believed that he had reasonable suspicion to conduct a further property search for the gun. *Id*. at 13. He again contacted his supervisor, and requested permission to search Croom's bedroom and any common areas in the residence for a firearm. *Id*. After the supervisor approved the second property search, Officer Hartling found a loaded .45 caliber Ruger firearm in the closet of Croom's bedroom. *Id*. at 14-15. Croom was thereafter arrested and charged with multiple drug and firearm violations.

Croom filed a motion to suppress the items found in his residence. Following a suppression hearing, the trial court denied the motion. On August 27, 2018, Croom entered an open guilty plea to persons not to possess firearms and possession with intent to deliver a controlled substance. The Commonwealth *nolle prossed* the remaining charges. On the same date, the trial court sentenced him to an aggregate term of three and one-half to ten years in prison. Croom did not file a post-sentence motion or a direct appeal.

On March 11, 2019, Croom filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition in which Croom claimed that trial counsel was ineffective for not calling Croom's girlfriend, Crystal Colon, as a witness at the suppression hearing. The PCRA court issued

notice of its intent to dismiss the petition without a hearing, and thereafter dismissed the petition on August 1, 2019. Croom filed a timely notice of appeal. Both Croom and the PCRA court complied with Pa.R.A.P. 1925.

Croom raises the following issue for our review: "Did not the PCRA court err and abuse its discretion by d[ismiss]ing [Croom's] PCRA petition without a hearing where there was a genuine issue of material fact raised and well pleaded in the petition, and [Croom's] witness would have contradicted the testimony of witnesses who testified previously?" Croom's Brief at unnumbered 4 (unnecessary capitalization omitted).

Our standard of review is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings."

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011); *see also* Pa.R.Crim.P. 907. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Paddy*, 15 A.3d at 442 (quoting *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004)).

When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he or she must demonstrate that:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Further, in order to establish that trial counsel was ineffective for failing to call a witness, the petitioner must also demonstrate that (1) the witness

existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the petitioner a fair trial. *See Commonwealth v. Thomas*, 44 A.3d 12, 23 (Pa. 2012).

Croom contends that the PCRA court erred and abused its discretion in dismissing the petition without conducting an evidentiary hearing. He claims that he raised a genuine issue of material fact regarding trial counsel's ineffectiveness for failing to call Ms. Colon as a witness at the suppression hearing. He asserts that Ms. Colon was present in the residence at the time of the property searches, attended the suppression hearing, and would have testified at that proceeding. He additionally submitted Ms. Cole's affidavit, wherein she attested that the probation officers failed to follow the procedures for the search of Croom's residence, as provided in 61 Pa.C.S.A. § 6153 of the Parole Act.

In particular, § 6153(d) provides that "[a] property search may be conducted by an agent if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id*. § 6153(d)(2). However, the statute further provides that "[p]rior approval of a supervisor shall be obtained for a property search absent exigent circumstances." *Id*. § 6153(d)(3).

Croom maintains that Ms. Cole was prepared to testify that the probation officers searched the backpack prior to obtaining authorization from a supervisor. He claims that trial counsel was aware of the substance of Ms. Cole's proposed testimony, but did not call her as a witness at the suppression hearing. Croom argues that, had Ms. Cole testified that the officers searched the backpack prior to contacting the supervisor, the suppression court would have suppressed the gun and the drugs. On this basis, he claims that he raised a material fact regarding trial counsel's ineffectiveness, thereby entitling him to an evidentiary hearing.

The PCRA court conceded that Croom established the first four prongs of the test for ineffectiveness in failing to call a witness. *See* PCRA Court Opinion, 7/2/19, at 4 (stating "based on the witness' affidavit, she existed, was willing and able to testify at the time and prior counsel did or should have known of her existence"). However, the PCRA court determined that Croom's ineffectiveness claim lacked merit because he could not establish the final prong of the test for ineffectiveness which required Croom to demonstrate that, but for counsel's ineffectiveness, the results of the proceeding would have been different. *See id*. The court reasoned that, even if Ms. Cole had testified and the suppression court had credited her testimony over that of the probation officers, the outcome of the suppression hearing would not have been different. *See id*. In so ruling, the PCRA court pointed to § 6153(c), which provides that "[n]o violation of this section shall constitute an

independent ground for suppression of evidence in any probation or parole proceeding or criminal proceeding." 61 Pa.C.S.A. § 6153(c). Based on this provision, the PCRA court concluded that, even if Croom established that the officers did not follow the correct procedure, that fact alone would not have entitled Croom to suppression. *See* PCRA Court Opinion, 7/2/19, at 5-6.

We discern no error or abuse of discretion by the PCRA court. Although a parolee or probationer does not relinquish his Fourth Amendments rights pursuant to § 6153,[2] his rights are nevertheless limited because of a diminished expectation of privacy in exchange for an early release from incarceration. *See Commonwealth v. Williams*, 629 A.3d 1031, 1035 (Pa. 1997). Therefore, a warrantless search of a probationer's residence will be deemed reasonable if the totality of the evidence demonstrates that: (1) the probation officer had a reasonable suspicion that the probationer had committed a probation violation; and (2) the search was reasonably related to the probation officer's duty. *See id*. at 1036.

Here, Croom does not dispute that the officers had reasonable suspicion to search his residence for contraband. Nor does he claim that Ms. Cole's proposed testimony would have negated the officers' reasonable suspicion that Croom was in possession of contraband. Therefore, even if the officers

---

[2] Pursuant to § 6153(b)(2), "[n]othing in this section shall be construed to permit searches or seizures in violation of the Constitution of the United States or Article 1 of the Constitution of Pennsylvania." 61 Pa.C.S.A. § 6153(b)(2).

violated § 6153(d)(2) by failing to obtain approval from a supervisor prior to the search of the backpack, the outcome of the suppression hearing would not have been different because that failure would not constitute an independent basis for suppression pursuant to § 6153(d)(c). Accordingly, as the PCRA court's ruling is supported by the record and free of legal error, we affirm its determination that dismissal of the petition without an evidentiary hearing was warranted because Croom failed to raise a genuine issue of material fact, and his ineffectiveness claim did not entitle him to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2020