J-S74012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.W., | |
| Appellant | No. 2922 EDA 2013 |

Appeal from the PCRA Order Entered August 9, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002904-2003

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED DECEMBER 08, 2014**

Appellant, S.W.,[1] appeals from the August 9, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant solely argues that his PCRA counsel, Scott Galloway, Esq., acted ineffectively by not calling the victim of Appellant's underlying crimes, C.W., to the stand during the PCRA hearing.  After careful review, we affirm.

On September 5, 2005, Appellant was convicted by a jury of two counts of rape, two counts of involuntary deviate sexual intercourse with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Because Appellant's underlying convictions involve the sexual assault of his biological daughter, who shares Appellant's last name, we have changed Appellant's and the victim's names to initials to protect the victim's privacy.

child, and two counts of indecent assault. His convictions stemmed from his abuse of his three-year-old daughter, C.W. Appellant was sentenced on January 4, 2006, to an aggregate term of 11 to 22 years' incarceration. He filed a timely appeal and this Court affirmed his judgment of sentence on December 31, 2007. *Commonwealth v.* [*S.W.*], 945 A.2d 773 (Pa. Super. 2007) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court; however, he subsequently filed a timely PCRA petition seeking restoration of his right to do so. That PCRA petition was granted and Appellant filed a *nunc pro tunc* petition for allowance of appeal to our Supreme Court, which was denied on April 20, 2010. *Commonwealth v.* [*S.W.*], 992 A.2d 889 (Pa. 2010).

On May 10, 2010, Appellant filed a timely *pro se* PCRA petition and Attorney Galloway was appointed. On February 3, 2012, Attorney Galloway filed an amended PCRA petition on Appellant's behalf. Attached thereto was a handwritten affidavit by C.W., indicating that her trial testimony against Appellant was untrue and was the result of coaching by other family members. *See* Amended PCRA Petition, 2/3/12, at Exhibit "B." Appellant requested that the court conduct an evidentiary hearing, at which he could present C.W.'s recantation testimony.

On August 2, 2014, a PCRA hearing was held, yet C.W. was not present to testify. At the close of that hearing, the Commonwealth moved to dismiss Appellant's petition and the PCRA court granted that motion. The court issued a formal order denying Appellant PCRA relief on August 9, 2013.

Despite still being represented by Attorney Galloway, Appellant filed a timely *pro se* notice of appeal, as well as a timely *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] In his Rule 1925(b) statement, Appellant set forth various claims, including the following issue pertinent to the instant appeal:

> (a) [Appellant] was denied the effective assistance of PCRA counsel where his PCRA counsel, [Attorney] Galloway:
>
> (i) failed to take such necessary steps to secure and present the testimony of [C.W.] in support of [Appellant's] request for PCRA relief in the form of a new trial, as predicated upon [C.W.'s] recantation of the testimony, which she offered during the course of [Appellant's] trial[.]

Rule 1925(b) Statement, 10/9/13, at 1-2.

On November 12, 2013, Attorney Galloway filed a petition to withdraw. The PCRA court granted that petition and issued an order appointing new counsel to represent Appellant on appeal. The court then issued a Rule

---

[2] Our review of the record indicates that Appellant's Rule 1925(b) statement was due on October 4, 2013. While Appellant hand-dated his statement October 1, 2013, it was not time-stamped by the Office of Judicial Support of Delaware County (OJS) until October 9, 2013. The OJS did not include in the certified record the envelope in which Appellant's Rule 1925(b) statement was sent, despite that the OJS did so for other *pro se* filings by Appellant. We also point out that the PCRA court's order directing Appellant to file the Rule 1925(b) statement appears only to have been served to the prosecutor and Appellant, not to Attorney Galloway, who was still Appellant's counsel of record. Additionally, the PCRA court did not mention the apparent untimeliness of Appellant's *pro se* Rule 1925(b) statement in its Rule 1925(a) opinion. The Commonwealth has also not filed an appellate brief in this case, thus lodging no objection to Appellant's Rule 1925(b) statement. Under these circumstances, we will consider Appellant's concise statement as being timely filed.

1925(a) opinion. Therein, the PCRA court acknowledged Appellant's claim of Attorney Galloway's ineffectiveness, yet did not address the merits of that issue, reasoning that,

> [t]he scope of this appeal is limited to the issues presented in [Appellant's] amended PCRA petition. The only issue raised in [Appellant's] petition was whether there was a material recantation of the facts for the matters which [Appellant] was previously convicted.

PCRA Court Opinion (PCO), 5/29/14, at 1. The PCRA court then explained why it found the issue raised in Appellant's amended petition to be meritless, citing, *inter alia*, Appellant's failure to "produce [C.W.] as a witness at the PCRA hearing." ***Id.*** at 2.

Now, on appeal, Appellant presents the following issue for our review: "Whether the PCRA [c]ourt erred in denying Appellant's PCRA petition where the record clearly showed that Appellant was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when PCRA counsel failed to secure and present the testimony of CW?" Appellant's Brief at 4.

Initially, it is clear from the record that Appellant first raised PCRA counsel's ineffectiveness in his Rule 1925(b) statement, which was filed *after* his notice of appeal. This Court has held that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of

- 4 -

appeal has been taken from the underlying PCRA matter."[3] ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa. Super. 2012); ***see also Commonwealth v. Henkel***, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*) (finding waived the appellant's claims of PCRA counsel's ineffectiveness, which were raised for the first time in his Rule 1925(b) statement filed after his notice of appeal). Consequently, we are constrained to conclude that Appellant's claim of PCRA counsel's ineffectiveness, raised for the first time after the filing of his notice of appeal, is unreviewable under ***Ford*** and ***Henkel***.

Nevertheless, we note that even if Appellant's ineffectiveness claim had been preserved below, we would conclude that it is meritless. "This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or

---

[3] While Appellant indicates in his statement of his appellate issue that he has a constitutional right to effective PCRA counsel, he provides no argument or legal authority to support that claim.

sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant maintains that Attorney Galloway acted ineffectively by failing to "take[] action to secure the attendance of CW at the [PCRA] hearing." Appellant's Brief at 10. We disagree. At the PCRA hearing, Attorney Galloway explained C.W.'s absence, and his efforts to present her testimony, as follows:

[Attorney Galloway]: After filing my amended Petition and reviewing the Affidavit signed by [C.W.], who by the way is my client's daughter, I attempted to … find out where she was, and discovered that she was a resident of the State of Delaware. I also discovered that a Cynthia Pruitt, Esquire, who is an attorney licensed in the State of Delaware, who was appointed Guardian *Ad Litem* by the Family Court of New Castle County, in the State of Delaware, on behalf of [C.W.]. And after several discussions and letters back and forth between myself and Ms. Pruitt, wherein I advised her that in my opinion a hearing was going to be scheduled before the Court, … wherein I intended to put [C.W.] on the stand in reference to the Affidavit she signed recanting her testimony during [Appellant's] trial. Ms. Pruitt

- 6 -

indicated that even with a [s]ubpoena, she was going to object and basically not allow her client, [C.W.], to appear … absent a Court Order from that state, the State of Delaware. After further discussions with Ms. Pruitt – and [the Commonwealth] was involved in at least some of those discussions, via conference call, we attempted to set up a conference in Ms. Pruitt's office in the State of Delaware, where [C.W.] would be present, and [the Commonwealth] and I would both have the opportunity to speak to [C.W.] directly in reference to the issue involved. Ms. Pruitt initially indicated that she would be amenable to that, but then changed her mind and indicated that she did not think that would be in the best interest of her client either. As a third alternative, I asked Ms. Pruitt if she would at least have [C.W.] submit an Affidavit in that Ms. Pruitt was consistently telling me that as to the initial recantation by [C.W.], she was in the presence, and in fact, at that time in the custody of her paternal grandmother and other family members, and that she was pressured to – pressured into writing the Affidavit, which recanted her testimony during the course of trial. I did receive, in early July of this year, July of 2013, an Affidavit purportedly signed by [C.W.], and notarized by Cynthia Pruitt, the attorney we've been talking about. And with the Court's permission, I would ask that this be marked as D-I, Your Honor.

[The Court]: All right. I guess we'll call it PCRA D-1.

[Attorney Galloway]: PCRA D-1. And [I] ask that it be admitted into evidence for purposes of this hearing. …

[The Court]: Okay.[4]

…

[Attorney Galloway]: Your Honor, after receiving this Affidavit, I did go out to the Delaware County Prison, where [Appellant] is being temporarily housed, to discuss this with him. And I did indicate to [Appellant] that if, in fact, he wanted to pursue this

_____

[4] There is no copy in the certified record of this exhibit, *i.e.*, the second affidavit written by C.W. However, Appellant indicates in his brief to this Court that in the affidavit, C.W. "stated that her previous statements [made in the first affidavit] were not accurate and that she testified truthfully at trial." Appellant's Brief at 6.

- 7 -

further, that he … or his family [should] retain the services of an attorney [licensed] in the State of Delaware, in an attempt to either have that attorney speak to [C.W.] directly, or in the alternative[,] perhaps even have a hearing in that state where the attorney could question [C.W.] about both of the Affidavits in issue. I did speak to [Appellant's] mother by telephone, and indicated the same. … I did write a letter to [Appellant's] mother … dated July 8th, 2013, bringing her up to date with the status of what was going on, and also suggesting that if they wish, they could hire an attorney in the State of Delaware to proceed as I've just indicated. Unfortunately, I don't believe the family had the resources to pursue that. So as we stand now, I have no further evidence to present on behalf of [Appellant]. I understand at this point it's [Appellant's] burden to move forward with the issue of the initial Affidavit. I believe that I have proceeded as far as I can in this matter, in reference to the issue at hand. I've advised [Appellant] of that.

PCRA Hearing, 8/2/13, at 4-9.

It is apparent from Attorney Galloway's statements at the PCRA hearing that he reasonably and diligently attempted to secure C.W.'s attendance and testimony at the PCRA hearing. Appellant contends, however, that Attorney Galloway could have secured C.W.'s testimony by using "the Pennsylvania Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceeding [(UASAW)], 42 Pa.C.S.A. §§ 5961, *et seq.*, which provides a speedy and effective procedure, through the use of a certificate issued under seal of court, to summon witnesses living in another state." Appellant's Brief at 10.

However, Appellant has failed to prove that the UASAW may be used to secure the testimony of out-of-state witnesses at a *PCRA hearing*. Instead, the relevant provision of the UASAW states that a court may issue a certificate to secure the attendance of an out-of-state witness where that

person "is a material witness in a *prosecution pending in a court of record in this Commonwealth or in a grand jury investigation* which has commenced or is about to commence…." 42 Pa.C.S. § 5946(a) (emphasis added). A *post-conviction* hearing does not constitute part of a 'pending prosecution' or 'grand jury investigation.' Accordingly, Appellant has not demonstrated that Attorney Galloway acted ineffectively by not attempting to utilize the UASAW to secure C.W.'s testimony at the PCRA hearing. Moreover, after Attorney Galloway obtained C.W.'s second affidavit denying that she had testified untruthfully at Appellant's trial, it was reasonable for him to cease his efforts to obtain her PCRA hearing testimony.

In sum, we are compelled to conclude that Appellant waived his challenge to Attorney Galloway's representation. However, even had Appellant preserved this claim, we would conclude that Attorney Galloway did not act ineffectively, as he reasonably attempted to secure C.W.'s testimony at the PCRA hearing. Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judge Donohue joins the memorandum.

Judge Strassburger files a concurring statement in which P.J.E. Bender and Judge Donohue join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014