J-S53035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD LEON MAJOR, | : | |
| | : | |
| Appellant | : | No. 212 MDA 2015 |

Appeal from the PCRA Order entered on December 30, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0001619-2010

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 22, 2015**

Edward Leon Major ("Major") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 24, 2004, Major, along with three co-conspirators, entered Heather Nunn's ("Nunn") home at 224 Pearl Street, Lancaster County, in an attempt to rob Nunn.  With her two children upstairs, Nunn confronted Major at the front door.  A struggle ensued between the two parties, at which point Nunn was shot three times in her chest at point blank range.  Nunn died as a result of the gunshot wounds.  Early investigations failed to link Major and his accomplices to the murder.  On December 9, 2009, detectives, following up on a lead, interviewed Major's cousin, Kevin Major ("Kevin").  Kevin identified Major and three other men as the men responsible for the

unsolved crime. Kevin also identified Major as the triggerman who shot and killed Nunn. Thereafter, Major and his co-conspirators were taken into custody and charged with Nunn's murder.

On March 21, 2011, following a two-week jury trial, Major was convicted of Murder of the First Degree.[1] The trial court sentenced Major to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Major*, 48 A.3d 484 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 54 A.3d 347 (Pa. 2012).

Major filed a timely *pro se* PCRA Petition. Major was appointed counsel, who then filed an amended Petition. A hearing was held on August 14, 2014. Thereafter, the PCRA court denied the Petition. Major filed a timely Notice of Appeal.

On appeal, Major raises the following question for our review: "Whether [Major] was entitled to Post Conviction Relief due to ineffective assistance of counsel[?]" Brief for Appellant at iii.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

---

[1] 18 Pa.C.S.A. § 2502(a).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Major contends that trial counsel was ineffective for failing to request a change of venue. Brief for Appellant at 5-8. Major argues that a change of venue was necessary in order to receive a fair and impartial trial due to pre-trial publicity. ***Id.*** at 6. Major directs this Court's attention to local newspaper articles published after the murder, including six articles between October 24, 2004, and October 31, 2004, two additional articles in December 2004, and one in March 2005. ***Id.*** at 6-8. Major also asserts that three more additional articles were published in March and April 2010, around the time of trial. ***Id.*** at 7, 8; ***see also id.*** at 7 (where Major argues that there were also articles regarding the trial itself, during the time of the trial). Major claims he raised the issue with counsel, and that one juror indicated she had read articles about the case prior to trial. ***Id.*** at 7. Major contends that he was prejudiced by his trial counsel's ineffectiveness in not requesting a venue change. ***Id.*** at 9.

To succeed on an ineffectiveness claim, Major must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010). "A failure to satisfy

any prong of the test for ineffectiveness will require rejection of the claim."

***Commonwealth v. Bryant***, 855 A.2d 726, 736 (Pa. 2004). Counsel is

presumed to be effective and the burden is on the appellant to prove

otherwise. ***Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011).

> A change in venue is compelled whenever a trial court
> concludes a fair and impartial jury cannot be selected from the
> residents of the county where the crime occurred. As a general
> rule, for a defendant to be entitled to a change of venue because
> of pretrial publicity, he or she must show that the publicity
> caused actual prejudice by preventing the empaneling of an
> impartial jury. The mere existence of pretrial publicity alone,
> however, does not constitute actual prejudice.

***Commonwealth v. Briggs***, 12 A.3d 291, 313 (Pa. 2011) (citations

omitted). The jurors are not required to be totally ignorant of the facts and

issues involved. ***Id.*** "It is sufficient if the juror can lay aside his impression

or opinion and render a verdict based on the evidence presented in court."

***Id.*** at 314 (citation omitted).

Nevertheless, there are some instances in which pretrial publicity can

be so pervasive and inflammatory that a defendant does not have to prove

actual prejudice. ***See id.***

> Prejudice will be presumed whenever a defendant demonstrates
> that the pretrial publicity: (1) was sensational, inflammatory,
> and slanted toward conviction, rather than factual and objective;
> (2) revealed the defendant's prior criminal record, if any, or
> referred to confessions, admissions or reenactments of the crime
> by the defendant; or (3) derived from official police or
> prosecutorial reports. However, if the defendant proves the
> existence of one or more of these circumstances, a change of
> venue will still not be compelled unless the defendant also

demonstrates that the presumptively prejudicial pretrial publicity was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated.

***Briggs***, 12 A.3d at 314 (citations and quotation marks omitted).

At the PCRA hearing, trial counsel testified that media attention leading up to the trial was nothing out of the ordinary. ***See*** N.T., 8/14/14, at 20. Counsel testifies that the initial articles from 2004 provided factual information that Nunn was the mother of two, was shot and killed in her home while the children were upstairs, and that no arrests had been made in connection with the crime. ***Id.*** at 23-5. In addition, counsel stated that the two 2005 articles briefly addressed the case as an example of stalled investigations in Lancaster County, while referencing other stalled investigations in the community. ***Id.*** at 25. Further, counsel testified that the 2010 articles reiterated the facts of the case with the additional information that Major and his co-conspirators were arrested and charged with the crime. ***Id.*** Trial counsel indicated that he received no calls at the office regarding the case, and press coverage was minimal. ***Id.*** at 20. Trial counsel further stated that, at the time of trial, the case was not fresh in the minds of the public. ***Id.***

Our review discloses that the publicity was far from being extensive, sustained, and pervasive, as required for the presumption of prejudice to support a motion for change of venue. ***See Briggs***, 12 A.3d at 314.

Indeed, the record does not support Major's claim that jurors would recall or rely on the 2004 and 2005 articles written six years before trial. *See Commonwealth v. Tharp*, 830 A.2d 519, 529 (Pa. 2003) (stating there was a sufficient lapse of time between the end of the complained-of media coverage and the beginning of jury selection for the adverse effects of the publicity to dissipate). Further, contrary to Major's argument that the case was a "cold case" that "sticks in members of the community's minds," Brief for Appellant at 8, a "cold case" does not warrant a presumption of prejudice. Finally, the 2010 articles objectively informed the public about the murder and that Major had been arrested. *See* PCRA Court Opinion, 12/30/14, at 6, 7.

Additionally, the record does not support Major's claim that pretrial publicity resulted in actual prejudice by preventing the impaneling of an impartial jury. *See id.* at 313. Eleven of the twelve jurors had never heard of the case before. *See* N.T., 8/14/14, at 21. Further, while one juror had read about the case once in the paper, she was instructed that such information was not evidence, and understood that it could not be considered in her deliberation. *See* N.T., 3/7/11, at 402-13; *see also Commonwealth v. Baker*, 614 A.2d 663, 672 (Pa. 1992) (stating that the presumption in our law is that the jury follows a trial court's instructions). Further, trial counsel testified that he would have used a peremptory strike during *voir dire* if he felt that any prospective juror was prejudiced by what

they had read or heard about the case. N.T., 8/14/14, at 21-22. Though pretrial publicity existed to a limited extent, Major fails to establish actual prejudice requiring a change of venue. *See Briggs*, 12 A.3d at 313.

Based upon the foregoing, Major's PCRA Petition fails to state a claim of arguable merit. Accordingly, Major's ineffectiveness claim fails. *See Commonwealth v. Eichinger*, 108 A.3d 821, 831 (Pa. 2014); *Commonwealth v. Washington*, 927 A.2d 586, 603 (Pa. 2007).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2015