J-S41026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLARK EMMANUEL MEAD, JR. | |
| Appellant | No. 67 MDA 2017 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000306-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 18, 2017**

Clark Emmanuel Mead, Jr., appeals from the order, entered in the Court of Common Pleas of Schuylkill County, dismissing as untimely his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On June 5, 2012, a jury convicted Mead of six counts of involuntary deviate sexual intercourse[2] (F1), six counts of indecent assault[3] (F1), two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 3126(a)(7).

counts of corruption of minors[4] (F3), and two counts of endangering the welfare of a child[5] (F3). The trial court sentenced him to an aggregate term of not less than 27½ to not more than 55 years' incarceration on September 27, 2012. Mead filed a post-sentence motion requesting a new trial, which the court denied on November 26, 2012. This Court affirmed Mead's judgment of sentence on December 13, 2013 and, on July 2, 2014, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

Mead filed a counseled petition for post-conviction relief on July 1, 2015, which the PCRA court denied on October 1, 2015. This Court affirmed the denial on August 11, 2016. Mead did not file a petition for allowance of appeal with our Supreme Court.

On September 27, 2016, Mead filed a second PCRA petition, styled as a "Motion to Vacate Illegal Sentence."[6] The PCRA court issued a notice of intent to dismiss the petition as untimely, without a hearing, pursuant to Pa.R.Crim.P. 907 on November 2, 2016. Mead objected to the court's Rule 907 notice and invoked the after-recognized constitutional right exception to

---

[4] 18 Pa.C.S.A. § 6301(a)(1).

[5] 18 Pa.C.S.A. § 4304(a)(1).

[6] The PCRA subsumes all forms of collateral relief to the extent a remedy is available under the Act. 42 Pa.C.S.A. § 9542. As claims asserting illegal sentences are cognizable under the PCRA, Mead's motion was properly treated as a PCRA petition.

the PCRA's time bar.[7]  ***See United States v. Alleyne***, 133 S. Ct. 2151

(2013).  The trial court dismissed Mead's petition on November 30, 2016.

Mead filed a timely notice of appeal followed by a Pa.R.A.P. 1925(b)

concise statement of matters complained of on appeal.  The trial court filed

its Rule 1925(a) opinion on January 17, 2017.

On appeal, Mead raises the following issues for our review:

Did the Trial Court commit an err of law in refusing to vacate the portion of [Mead's] sentence since the statute under which [Mead] was sentenced[,] 42 Pa.C.S.A. § 9718[,] has been declared unconstitutional, null and void?

Did the Trial Court fail to correct a patent[ly] illegal and unconstitutional sentence?

Did the Trial Court fail to take judicial notice in that 42 Pa.C.S.A. § 9542 does grant relief for those serving illegal sentences, yet failed to adhere to said statute?

Brief of Appellant, at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

_____

[7] 42 Pa.C.S.A. § 9545(b)(1)(iii).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted)

Here, the PCRA court dismissed Mead's petition as untimely filed. The PCRA requires that any petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Mead's judgment of sentence became final on September 30, 2014, at the expiration of the 90-day time limit for seeking review in the U.S. Supreme Court. *See id.*; U.S.Sup.Ct.R. 13(1). Thus, he had one year from that date, or until September 30, 2015, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). He did not file the instant petition until September 27, 2016, approximately one year late. Accordingly, the PCRA court had no jurisdiction to entertain Mead's petition unless he established one of the exceptions to the jurisdictional time bar.

A PCRA court will entertain an otherwise untimely petition if the petitioner pleads and proves that: (1) the failure to raise a timely claim was the result of interference by government officials; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that has been recognized by the United States Supreme Court or the Supreme Court of Pennsylvania after the one-year time period, and has been held to apply retroactively. *Id.* Any petition

invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Mead's claims are all grounded in his assertion that his sentence should be vacated pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which he asserts established a new constitutional right that applies retroactively.[8] However, in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), the Supreme Court of Pennsylvania held that although *Alleyne* establishes a new rule of federal constitutional law, it does not apply retroactively to cases pending on collateral review. *Washington, supra* at 820. Accordingly, Mead is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

---

[8] In *Alleyne*, the Court held that an element of an offense that increased the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. 133 S. Ct. at 2155.