J-S45038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRIK PEREZ, | : | |
| | : | |
| Appellant | : | No. 1638 EDA 2016 |

Appeal from the PCRA Order April 25, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012874-2009

BEFORE:   GANTMAN, P.J., PANELLA, and STRASSBURGER[*], JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 11, 2017**

Tyrik Perez (Appellant) appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On July 18, 2011, Appellant was sentenced to an aggregate term of 17½ to 35 years in prison following his conviction for the crimes of attempted murder, aggravated assault, conspiracy, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possession of an instrument of crime.   These charges arose out of an unsuccessful murder attempt made by Appellant against a member of a rival street gang. On July 2, 2012, this Court affirmed Appellant's conviction, and on December 4, 2012, the Pennsylvania Supreme Court denied Appellant's

---

[*] Retired Senior Judge assigned to the Superior Court.

petition for allowance of appeal. **Commonwealth v. Perez**, 55 A.3d 122 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 57 A.3d 69 (Pa. 2012).

On February 27, 2013, Appellant timely filed a PCRA petition. Counsel was appointed and, after some delay and a change in counsel, on March 8, 2015, an amended petition was filed. A supplemental PCRA petition followed on October 16, 2015. On February 22, 2016, the PCRA court held an evidentiary hearing, following which, on April 25, 2016, the court denied Appellant's petition. This appeal followed.[1] Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims for our review.

[I.] Can Appellant raise claims of ineffectiveness of first PCRA counsel claims on appeal from the denial of that PCRA?

[II.] Was PCRA counsel ineffective because he failed to allege trial counsel's ineffectiveness for (1) not preserving the hearsay claim for review on direct appeal; and (2) for not citing the controlling authority of [**Commonwealth v. Farris**, 380 A.2d 486 (Pa. Super. 1977) and **Commonwealth v. Thomas**, 539 A.2d 829 (Pa. Super. 1988)] when arguing Detective Jenkins'[s] testimony was inadmissible hearsay?

[III.] Was direct appellate counsel ineffective because he ineffectively raised the hearsay claim which had no chance of winning because it was not preserved, and also because he failed

_____

[1] As becomes relevant herein, Appellant is represented on appeal by Norris E. Gelman, Esq. and Margeaux Cigainero, Esq. Attorneys Gelman and Cigainero were hired to replace PCRA counsel, Stephen O'Hanlon, Esq., who represented Appellant during the PCRA proceedings before the lower court.

to cite [*Farris* and *Thomas*] which were binding controlling decisions as to the hearsay claim?

Appellant's Brief at 6 (unnecessary capitalization omitted).

We begin with the applicable legal principles.

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014) (internal citation and quotation marks omitted).

In his first issue, Appellant questions whether he can, for the first time on appeal following the denial of his PCRA petition, raise claims of former PCRA counsel's ineffectiveness. Appellant's Brief at 12-15. In support of his position, Appellant relies upon *Commonwealth v. Pursell*, 724 A.2d 293 (Pa. 1999). In *Pursell*, our Supreme Court held that claims of PCRA counsel's ineffectiveness not raised in the court below may, nonetheless, be addressed by the reviewing court in the first instance because, procedurally, this was the first opportunity for a PCRA petitioner to address the issue.

*Pursell* and its progeny were decided prior to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), wherein our Supreme Court ruled that ineffective assistance of counsel claims did not always have to be raised at the first available instance. This Court addressed the procedural dilemma facing petitioners seeking to raise claims of PCRA counsel ineffectiveness

post-*Grant* in ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa. Super. 2012). This Court concluded that "absent recognition of a constitutional right to effective collateral review counsel, **claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter**." ***Ford***, 44 A.3d at 1195–201 (emphasis added). ***See also Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (same). Accordingly, the answer to Appellant's first question on appeal is that he cannot raise a claim of PCRA counsel ineffectiveness at this juncture and; therefore, we are unable to review Appellant's second issue which raises, for the first time on appeal, claims of PCRA counsel ineffectiveness.

Appellant's remaining claim, that direct appeal counsel was ineffective for failing to present effectively his hearsay argument, is waived. As the PCRA court explained, this issue was not raised in Appellant's PCRA petition, addressed at the evidentiary hearing in this matter, nor included in Appellant's 1925(b) statement of errors complained of on appeal. PCRA Court Opinion, 9/1/2016, at 4-7. "Issues not included in the [1925(b) s]tatement … are waived." Pa.R.A.P. 1925(b)(4)(vii). Moreover,

> [w]e have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that [p]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition.

- 4 -

***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004).

For all of the forgoing reasons, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/11/2017</u>