J-S21027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY NUGGET NORRIS | : | |
| | : | |
| Appellant | : | No. 1443 WDA 2017 |

Appeal from the PCRA Order September 7, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002092-2016

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2018**

Henry Nugget Norris (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 29, 2016, the Cambria County DUI Task Force conducted a controlled purchase of heroin from Appellant using a confidential informant (CI).[1]  Following the controlled purchase, Appellant was arrested and charged with possession with intent to deliver a controlled substance (PWID), intentionally possessing a controlled substance by a person not registered,

---

[1] **See** Affidavit of Probable Cause, 11/29/16.

and criminal use of a communication facility.[2]  On March 20, 2017, following oral and written colloquies, Appellant entered an open guilty plea to PWID.

On May 4, 2017, Appellant was sentenced:

> To pay the costs of prosecution, pay $200.00 to the Substance Abuse Education Fund, pay $300.00 to the Special Administration Fund, and to serve a period of incarceration of twelve (12) to twenty-four (24) months in the Cambria County Prison.

Trial Court Opinion, 11/21/17, at 2.  Appellant was represented by Attorney Aaron Ling (plea counsel) at the plea colloquy and sentencing.  Appellant did not file a post-sentence motion or direct appeal.

On August 3, 2017, Appellant filed a timely *pro se* PCRA petition seeking to withdraw his guilty plea.  The PCRA court scheduled a hearing and appointed PCRA counsel, Attorney Timothy Burns.  Appellant subsequently filed a counselled, amended PCRA petition that challenged the effectiveness of plea counsel and, in turn, the voluntariness of his guilty plea.  Appellant's petition stated, *inter alia*, that "he was not made aware by the Commonwealth that the [CI] in his case was unable or unwilling to testify. . ." and plea counsel "should [have] inquired of the Commonwealth if this witness was going to testify before advising him to enter a plea."  Amended PCRA Petition, 8/22/17, at 2-3.

---

[2]  35 P.S. §§ 780-113(a)(30) and (16), 18 Pa.C.S.A. § 7512(a).

On September 7, 2017, the PCRA court conducted a hearing on the merits of Appellant's petition. Plea counsel appeared as a witness and testified in relevant part, as follows:

> Q. Did you have any discussions with the district attorney's office regarding a confidential informant?
>
> A. I did. Unfortunately, I did not receive any information in regard to the confidential informant, who it was. But I believe there was also an undercover police officer there as well.
>
> Q. Were you aware whether – I think I know your answer, but were you aware whether the confidential informant would be available to testify or not?
>
> A. It was my understanding at the time that he would – or he or she would be aware – or available at the time.
>
> Q. Okay.
>
> A. It was never disclosed to me that any confidential informant would be unavailable.

N.T., 9/7/17, at 5-6.

Appellant testified that he had learned that the CI was missing, and that he would not have entered a guilty plea had he known of the CI's unavailability. *Id.* at 10-11. When asked how he had discovered this information, Appellant indicated that another inmate claimed to know the CI and said that she was missing or on the run from the police; his federal lawyer looked up his case and said that the CI was missing; and his uncle had told his brother that the CI was unavailable and his brother relayed this information to him during a conversation. *Id.* at 9-13. None of these individuals attended the hearing to corroborate Appellant's testimony. On cross-examination,

Appellant testified that he did not know the CI's name, but knew she was a woman whose first name may have been "Tina." *Id.* at 12-13.

Following testimony, the PCRA court heard argument from counsel. The Commonwealth contended, *inter alia*, that there was no credible testimony that the CI was unavailable and that, in fact, he had confirmed prior to the hearing that the CI was willing to testify. *Id.* at 14. Appellant's counsel, conceding that most of Appellant's testimony was hearsay, argued that "[i]f he'd have had some information at the time he entered his plea, he may not have entered that plea." *Id.* at 16-17. Thereafter, the PCRA court denied the petition.

Appellant filed a timely appeal and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court then issued a Rule 1925(a) opinion.

On appeal, Appellant asserts:

The [PCRA court] erred in denying Appellant's PCRA [p]etition, because Appellant did not enter a plea in a knowing and competent manner based on his testimony that he was unaware of the fact that the [CI] in the case was not available to testify at trial.

Appellant's Brief at 4.

Appellant argues that plea counsel was ineffective for failing to properly advise him whether the CI would be available for trial, and that this ineffectiveness rendered his guilty plea unknowing and involuntary. *Id.* at

14-15. Appellant contends that he would never have entered a guilty plea had he known of the CI's unavailability, and that the PCRA court erred in denying his request to withdraw his guilty plea. *Id.* at 15.

"Appellant's claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)." *See Commonwealth v. Barndt*, 74 A.3d 185, 191 (Pa. Super. 2013). Our standard of review is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

While a criminal defendant's right to effective counsel extends to the plea process, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Barndt*, 74 A.3d at 192 (*citing Commonwealth v. Wah*, 42 A.3d 335, 338–339 (Pa. Super. 2012)).

- 5 -

[I]n order to obtain relief based on [an ineffectiveness] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Id.* (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Here, the PCRA court determined:

[Appellant] has offered no credible evidence that the CI in this case was not available for trial at the time he entered his plea. Instead he has only offered hearsay and hearsay within hearsay testimony that [the CI] is unavailable at this time. Further, he has failed to establish [the identity of the CI] and that she was unavailable in March 2017 or is in actuality unavailable now. As [Appellant] has failed to meet his burden there was no merit to his PCRA.

Trial Court Opinion, 11/21/17, at 3. We agree.

Based on the foregoing, we conclude that Appellant failed to prove that his underlying claim (*i.e.* that his plea was involuntary due to plea counsel's failure to advise him of the CI's unavailability) has arguable merit. Plea counsel testified that he believed the CI would be available for trial at the time that Appellant entered his guilty plea. N.T., 9/7/17, at 5-6. The record does

not contain any evidence to the contrary, and the PCRA court did not find Appellant's self-serving hearsay statements to be credible. Trial Court Opinion, 11/21/17, at 3; **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) ("[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court"). Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018