J-S46006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE THOMPSON | : | |
| | : | |
| Appellant | : | No. 1427 EDA 2017 |

Appeal from the PCRA Order May 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004834-2009

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 15, 2018**

Bruce Thompson appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant was convicted of robbery, possessing an instrument of crime, and criminal conspiracy, for which he was sentenced to an aggregate term of twelve to twenty-four years incarceration. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See* ***Commonwealth v. Thompson***, 60 A.3d 861 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 619 Pa. 722 (Pa. 2013). The United States Supreme Court denied *certiorari* on November 4, 2013. ***Thompson v. Pennsylvania***, 571 U.S. 998 (2013).

Appellant filed a timely *pro se* PCRA petition and a counseled amended petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to

dismiss the petition without a hearing, and thereafter entered an order on May 2, 2017, dismissing the petition. Appellant filed a timely notice of appeal, and a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[1]

Appellant raises the following claim for our review: "Was counsel ineffective for failing to raise the issue of Appellant's being subject to an illegal mandatory sentence?" Appellant's brief at 9.

Our standard of review of an order dismissing a PCRA petition is well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Additionally, when a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which,

---

[1] No Pa.R.A.P. 1925(a) opinion was filed, as the trial judge is no longer serving on the Philadelphia Court of Common Pleas.

in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). To succeed on an ineffectiveness claim, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Furthermore, "[c]laims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). In order to be entitled to relief, "a petitioner must set forth and individually discuss substantively each prong of the [ineffectiveness] test." *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008). When the appellant is advancing an ineffectiveness claim, and fails to meaningfully discuss all three prongs of the ineffectiveness test, he is not entitled to relief,

- 3 -

and we are constrained to find such claims waived for lack of development. *Id*.

Here, Appellant does not explain the components of his aggregate sentence, or identify which of his sentences constitutes an illegal mandatory minimum sentence. Nor does Appellant cite to the sentencing order or any place in the record indicating where a mandatory minimum sentence was, in fact, imposed by the trial court. *See* Pa.R.A.P. 2119(c). Further, although Appellant cites to boilerplate legal authority regarding his right to effective assistance of counsel, he has failed to cite to any legal authority establishing the ineffectiveness of his counsel in the context of this case. *See* Pa.R.A.P. 2119(a). Finally, although Appellant identifies the elements of an ineffectiveness claim, he fails to meaningfully discuss any of those elements, all of which he must prove in order to overcome the presumption of counsel's effectiveness. *See Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016). While we could find waiver based on these omissions, we choose to dispose of the appeal on the merits.

Our review of the notes of testimony from the sentencing hearing confirms that no mandatory minimum sentence was imposed. Although the trial court was aware of the applicability of a mandatory minimum sentence, it elected not to impose it, opting instead to impose the statutory maximum of ten to twenty years incarceration on both the robbery and criminal conspiracy convictions, to be served concurrently. *See* N.T. Sentencing,

6/9/10, at 4-5. Because the trial court did not impose a mandatory minimum sentence, Appellant's underlying illegality of sentencing claim, premised on the imposition of a mandatory minimum sentence, is without merit. On this basis, Appellant's ineffectiveness claim must fail, as his counsel cannot be found ineffective for failing to raise a meritless claim. *See Commonwealth v. Hall*, 701 A.2d 190, 203 (Pa. 1997).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18