J-S02008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAWSON REAMS | : | |
| | : | |
| Appellant | : | No. 888 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001083-2010

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                    **FILED MAY 14, 2018**

Dawson Reams appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act.  We affirm.

In 2010, a jury convicted Appellant of robbery, carrying a firearm without a license, possessing an instrument of crime, and possession of a firearm by a prohibited person.  On January 14, 2011, the trial court imposed an aggregate term of fifteen to thirty years imprisonment.  This Court affirmed Appellant's judgment of sentence.  *See Commonwealth v. Reams*, 46 A.3d 831 (Pa.Super. 2012) (unpublished memorandum). Appellant did not seek review with the Pennsylvania Supreme Court. However, in 2012, Appellant filed a PCRA petition seeking reinstatement of his right to file an allocatur petition with the Pennsylvania Supreme Court, which was granted.  On September 25, 2012, our Supreme Court denied

_____
* Retired Senior Judge Assigned to the Superior Court.

allowance of appeal. *See Commonwealth v. Reams*, 53 A.3d 757 (Pa. 2012).

On August 13, 2013, Appellant timely filed a *pro se* PCRA petition raising, *inter alia*, a claim that trial counsel was ineffective for failing to object to the testimony of Detective James Sloane, which Appellant characterized as hearsay. Appellant was appointed counsel, who filed an amended PCRA petition raising the same claim. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and on February 10, 2017, entered an order dismissing the petition. Appellant filed a timely notice of appeal, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following claim for our review: "Did the honorable PCRA court err when it dismissed [Appellant's] amended petition without a hearing even though [Appellant] had properly pled and would have been able to prove that he was entitled to relief?" Appellant's brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if

the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Additionally, with regard to Appellant's ineffectiveness claim, we note that

a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ...

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010) (internal quotation marks and citations omitted).

Furthermore, "[c]laims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). In

order to be entitled to relief, "a petitioner must set forth and individually discuss substantively each prong of the [ineffectiveness] test." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008). When the appellant is advancing an ineffectiveness claim, and fails to meaningfully discuss all three prongs of the ineffectiveness test, he is not entitled to relief, and we are constrained to find such claims waived for lack of development. ***Id***.

The substance of Appellant's argument on appeal consists of boilerplate legal standards for ineffectiveness claims, and two woefully underdeveloped paragraphs addressing his claim. In the first paragraph, counsel quotes the *pro se* PCRA petition rather than the counseled amended petition:

> During trial Detective Sloane gave hearsay testimony about the victim having concern about his daughter living in the neighborhood with regard to his testimony. Without no reduce [sic] to writing statement [sic] to corroborate any allegations alleged. Any my trial lawyer never objected as hearsay testimony having heard. I feel his testimony being heard prejudiced me from receiving a fair trial.

Appellant's brief at 11 (footnotes omitted). The second paragraph states as follows: "The hearsay testimony greatly prejudiced [Appellant] as it cast a pall over the entire trial and gave the jury reason to believe that there were threats, intimidation and other factors involved in the case which the jury should not have been considering." Appellant's brief at 13.

- 4 -

The argument portion of Appellant's brief does not provide any meaningful discussion of the factual bases for Appellant's ineffectiveness claim, or explain how his claim is supported by pertinent legal authority. While Appellant references boilerplate case law regarding the test for ineffectiveness, as outlined in **Franklin**, **supra**, he failed to apply the test to any factual assertion leveled herein. Hence, the issue is waived. **See Steele**, **supra** at 797 ("Such undeveloped claims, based on boilerplate allegations, cannot satisfy [a]ppellant's burden of establishing ineffectiveness.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/18