J-S46008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH JUDE CASINO :
:
Appellant : No. 3319 EDA 2018

Appeal from the PCRA Order Entered October 17, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004985-2013

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 13, 2019**

Joseph Jude Casino appeals from the order entered in the Montgomery

County Court of Common Pleas denying his petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, after a hearing.

In his PCRA petition, Casino raised a claim of ineffective assistance of counsel

based on counsel's failure to convey a plea offer. After careful review, we

affirm.

Casino was charged with burglary, criminal trespass, theft by unlawful

taking, receiving stolen property, possession of an instrument of crime ("PIC")

and resisting arrest in the above-captioned matter. At the time he was charged

_____

[*] Retired Senior Judge assigned to the Superior Court.

with those crimes, he was already serving sentences of parole for other burglaries, so he was also charged with parole violations.

Assistant Public Defender ("A.P.D.") Hindi Kranzel represented Casino with regard to the parole violations, while A.P.D. Ed Rideout represented him in the instant matter. Relevant to this appeal, it is asserted that A.P.D. Kranzel at some point drafted an informal memorandum to A.P.D. Rideout, which indicated the parole revocation prosecutor was recommending 5-10 years, the same as the recommendation for the burglary. The Public Defender subsequently transferred representation from A.P.D. Rideout to A.P.D. Benjamin Cooper.

On June 26, 2014, Casino was found guilty of violating parole. The judge deferred sentencing on the parole violations, pending the outcome of the open burglary charges. At the hearing, the judge asked Casino if he wished to proceed to a jury trial on the new charges, noting Casino's extensive criminal record of home burglaries and the allegations on which the new charges were based. The record of the hearing shows that Casino was well aware that there was an offer to plead open to a standard range sentence. *See id.*, at 6. However, Casino stated that he saw no advantage to pleading guilty because he would get the same amount of time by either pleading guilty or going to trial. *See* N.T., Gagnon II Hearing Verdict, 6/26/2014, at 6-7.

The judge urged Casino to consult with his lawyer, A.P.D. Cooper, because that understanding was incorrect. The judge explained that if he pled

guilty he would receive a standard range sentence, but if he went to trial and the allegations in the criminal complaint were proven beyond a reasonable doubt, his prior criminal record supported options for a maximum sentence of up to ten to twenty years' incarceration. ***See id.***, at 7.

On August 18, 2014, the court held a hearing on Casino's motion for the trial judge to recuse herself. In denying the motion, the judge stated

> I have expressed to Mr. Casino properly, several times, that it was discount day, basically. And that if he were to accept the Commonwealth's offer, I would accept that plea. He was offered the chance to plead open. I would certainly accept an open plea. There was an offer with a cap. But I did express to him that he has the absolute Constitutional right to go to trial."

N.T., Suppression Hearing/Stipulated Bench Trial, 8/18/2014, at 8. Casino then waived his right to a jury trial and elected for a stipulated bench trial. The judge subsequently found him guilty of burglary, PIC and resisting arrest.

On September 10, 2014, Casino was sentenced to a term of imprisonment of five to ten years for the burglary charge with a consecutive term of one to two years for the PIC charge, and a concurrent term of six to twenty-four months for the crime of resisting arrest, for an aggregate term of imprisonment of six to twelve years.[1]

As the trial court accurately explained,

> The sentencing guidelines called for sentences of 60-72 months for the burglary, twelve to eighteen months for the PIC charge and six to twelve months for resisting arrest, which permitted an

---

[1] At the same time, the judge imposed sentences on the parole violations, to run concurrent to the sentences imposed on the new charges.

aggregate term of imprisonment as low as five to ten years or as high as eight-and-one-half to seventeen years. In spite of his extensive prior criminal history including home burglaries, the undersigned gave [Casino] a sentence in the lower end of the standard range as recognition that his stipulated bench trial had spared sixteen-year-old [complainant] the distress of testifying.

Trial Court Opinion, at 3 (internal citation omitted).

On August 12, 2016, this Court affirmed the judgment of sentence after a timely direct appeal. Casino then filed, *pro se*, his first petition for post-conviction collateral relief raising numerous claims. Gregory P. DiPippo, Esquire was appointed to represent Casino and filed an amended PCRA petition that stated one claim of arguable merit. The amended petition claimed that A.P.D. Rideout and A.P.D. Cooper failed to notify Casino that the District Attorney had offered a negotiated plea agreement of five to ten years' imprisonment.

On June 15, 2018, an evidentiary hearing was held on the amended petition. DiPippo offered as evidence an unauthenticated informal memorandum from A.P.D. Kranzel to A.P.D. Rideout as well as testimony from Casino. Casino's testimony was self-contradictory, flip-flopping back and forth between no offers at all being made, while at the same time admitting he was offered the opportunity to plead open for a sentence of six to twelve years. *See* N.T., PCRA Hearing, 6/15/2018, at 19-20, 22. After referencing the transcript from the *Gagnon* hearing,[2] he acknowledges that he was clearly

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)

told he could plead open and receive a standard range sentence, but contends the plea offer was not adequately explained to him. *See id.*, at 30.

In contrast, plea counsel testified that the Commonwealth had offered a binding plea agreement, he would have communicated it to Casino. *See id.*, at 37. When counsel was directly asked whether the Commonwealth ever made such an offer, counsel replied, "No." *See id.* The PCRA court subsequently denied Casino's petition. This timely appeal followed.

On appeal, Casino claims the PCRA court improperly rejected his assertion of trial counsel's ineffectiveness, where trial counsel had failed to communicate a plea offer by the Commonwealth. Casino argues that since the offer was never communicated to him, he did not make a knowing, voluntary, intelligent decision to enter into the stipulated bench trial. He contends he is consequently due a new trial.

As Casino's claim asserts ineffective assistance of counsel, we proceed by determining whether the PCRA court's factual findings are supported by the record. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. *See id*. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. *See id*. We, however, afford no deference to the PCRA court's legal conclusions. *See id*.

To establish counsel's ineffectiveness based upon the failure to communicate a plea offer, the defendant must establish that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Copeland*, 554 A.2d 54, 61 (Pa. Super. 1988).

Unlike *Copeland*, the PCRA court here conducted an evidentiary hearing on Casino's ineffectiveness claim. The record, including the transcript of the evidentiary hearing, simply belies Casino's claim that he "presented [credible] evidence that the Commonwealth had made an offer of 5-10 years." Appellant's Brief, at 7. The entire basis for Casino's claim is the internal memorandum allegedly drafted by A.P.D. Kranzel to Casino's then assigned public defender, A.P.D. Rideout, merely stating "[t]he recommendation of the Gagnon [is] 5-10 (same as your case.)"

The PCRA court properly concluded that the memorandum itself was insufficient to show a specific, firm offer of five to ten years' incarceration for *all* charges or that such an offer was ever conveyed to trial counsel. If anything, the memorandum's mention of a "recommendation" of five to ten years would be more likely to refer to a suggested sentencing recommendation, that if offered to the court, the court could accept or deny, rather than a formal plea agreement. Therefore, the PCRA court did not err in

finding that Casino was unable to establish even the first prong, that the Commonwealth ever offered a binding plea agreement of five to ten years.

As Casino has failed to establish the PCRA court erred, we affirm the order denying his PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/19