J-A18044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY LEE RITCHEY, JR. | : | |
| | : | |
| Appellant | : | No. 1200 WDA 2020 |

Appeal from the PCRA Order Entered December 10, 2019
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000029-2012

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: October 7, 2021**

Jerry Lee Ritchey, Jr. ("Ritchey"), appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Relevant to the instant appeal, troopers with the Pennsylvania State Police ("PSP") were investigating a string of twenty-nine night-time burglaries of commercial businesses in Venango County, Pennsylvania, between December 23, 2010, and July 1, 2011. In each burglary, all security systems were disabled by cutting or damaging the phone line connections, and the businesses were entered by force. Due to Ritchey's proximity to several of the businesses prior to the burglaries, the PSP began investigating Ritchey. Ultimately, the PSP determined that Ritchey had entered the businesses and taken various amounts of cash.

On July 8, 2011, the Commonwealth secured a warrant to attach a GPS device (the "GPS warrant") to Ritchey's vehicle.[1] The GPS warrant was issued by the Allegheny County Court of Common Pleas, because Ritchey's vehicle was parked at the Pittsburgh International Airport in Allegheny County, Pennsylvania. Eventually, the Commonwealth arrested Ritchey and charged him with burglary and related offenses.[2]

On March 15, 2013, Ritchey filed a Motion in *Limine* in which he argued, *inter alia*, that the GPS warrant was invalid because the Allegheny County Court of Common Pleas lacked jurisdiction to issue the GPS warrant for crimes committed in Venango County, Pennsylvania. After a hearing, both parties filed briefs and, on June 24, 2013, the trial court denied Ritchey's Motion in *Limine*.

On November 25, 2013, after a jury trial, Ritchey was convicted of five counts each of burglary, theft by unlawful taking, criminal mischief, and one count of attempted burglary.[3]

---

[1] Relevantly, Ritchey was observed, via PSP's video surveillance, operating two different vehicles, a 1998 Toyota Camry and a 2010 Mazda sedan. Ultimately, the PSP sought the GPS warrant for the 2010 Mazda sedan, because the PSP observed Ritchey operating the 2010 Mazda sedan around businesses in Venango County prior to burglaries being reported. Shortly after the GPS was placed on the Mazda, the GPS revealed that the Mazda was in the vicinity of multiple commercial burglaries between the nights of July 20, 2011, and July 21, 2011.

[2] 18 Pa.C.S.A. § 3502(a)

[3] 18 Pa.C.S.A. §§ 3921(a), 3304(a)(5), 901(a).

On December 10, 2013, the trial court sentenced Ritchey to an aggregate term of 96 to 192 months in prison. On June 17, 2015, this Court affirmed his judgment of sentence and, in particular, affirmed the trial court's denial of Ritchey's challenge to the Allegheny County Court of Common Pleas' jurisdiction to issue the GPS warrant. **Commonwealth v. Ritchey**, 122 A.3d 1135 (Pa. Super. 2015) (unpublished memorandum at 2 n.1). Subsequently, the Pennsylvania Supreme Court denied his Petition for allowance of appeal. **See id.**, **appeal denied**, 126 A.3d 1284 (Pa. 2015).

On November 29, 2016, Ritchey filed a timely, *pro se*, PCRA Petition. The PCRA court appointed counsel, Eric Alan Padin, Esquire ("Attorney Padin").[4] On August 31, 2018, the PCRA court conducted an evidentiary hearing, after which Ritchey filed a supplemental brief on January 3, 2019. On December 10, 2019, the PCRA court dismissed Ritchey's Petition.

Ritchey did not file an appeal. Rather, on April 2, 2020, Ritchey filed a second, *pro se*, PCRA Petition alleging that Attorney Padin rendered *per se* ineffective assistance of counsel by failing to notify Ritchey that his first Petition had been denied, and requesting that the trial court reinstate his direct appeal rights *nunc pro tunc*. On July 22, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Ritchey's second Petition, to which Ritchey filed *pro se* Objections. On October 10, 2020, the PCRA court

---

[4] We note that Attorney Padin did not file an amended petition.

- 3 -

reinstated Ritchey's direct appeal rights *nunc pro tunc* and appointed new counsel to represent Ritchey on appeal.

Ritchey subsequently filed a *nunc pro tunc* Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Ritchey now raises the following claim for our review: "Whether there are new issues to be resolved in this case and whether trial counsel was ineffective given the facts and circumstances of this case?" Brief for Appellant at 24-25 (unnumbered).

> We review an order [dismissing] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, … 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, … 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (footnote and some citations omitted).

In his first claim, Ritchey argues that his trial counsel rendered ineffective assistance of counsel, because trial counsel failed to "properly argue" that the Allegheny County Court of Common Pleas lacked jurisdiction under the Wiretap Act.[5] Brief for Appellant at 27 (unnumbered). Ritchey contends that trial counsel's alleged failure resulted in his wrongful conviction. **Id.** at 27-28 (unnumbered). Ritchey acknowledges that his underlying claim was previously decided by this Court. **Id.** at 28 (unnumbered).

Preliminarily, Ritchey fails to develop this claim for our review. In his argument, Ritchey fails to cite to the PCRA, and his argument is devoid of any citations to the record or legal authority supporting his position. **See** Pa.R.A.P.

---

[5] **See** 18 Pa.C.S.A. §§ 5701-5782.

2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."); ***Commonwealth v. Paddy***, 14 A.3d 431, 443 (Pa. 2011) (providing that "boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove that counsel was ineffective."); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, Ritchey's first claim is waived.

Even if Ritchey had not waived this claim, we would afford him no relief. In its Opinion, the PCRA court aptly notes that this Court had previously decided Ritchey's underlying claim and determined that it lacks merit. ***See*** PCRA Court Opinion, 12/10/19, at 4-7; ***see also Ritchey***, 122 A.3d 1135 (unpublished memorandum at 2 n.1) (wherein this Court affirmed the trial court's denial of Ritchey's Motion in *Limine* and stated that Ritchey's challenge was without merit). Accordingly, we would conclude that this claim lacks arguable merit, and we would afford Ritchey no relief. ***See Treiber***, ***supra***.

In his second claim, Ritchey argues that his trial counsel rendered ineffective assistance by failing to discuss the case with him prior to trial. Brief for Appellant at 30 (unnumbered). Ritchey acknowledges that his trial counsel did contact him and speak with him, but contends that it was "on the fly" and should have been treated more seriously. ***Id.*** (unnumbered).

- 6 -

Ritchey has similarly failed to develop this claim for our review. Ritchey's argument is devoid of any citations to the record or legal authority supporting his position, and contains only bald assertions that his trial counsel did not speak with him prior to trial. *See* Pa.R.A.P. 2119(a); *Paddy*, *supra*; *Johnson*, *supra*. Accordingly, Ritchey's second claim is waived.

Even if Ritchey had not waived this claim, we would conclude that the underlying claim lacks arguable merit. As the PCRA court discussed in its Opinion, the record belies this claim. *See* PCRA Court Opinion, 12/10/19, at 8-21 (wherein the PCRA court details the amount of time that trial counsel discussed the case with Ritchey, and remarked that trial counsel and Ritchey communicated with each other very effectively throughout pre-trial proceedings and during trial); *see id.* (wherein the PCRA court points out that Ritchey acknowledged he had enough time to speak with trial counsel regarding his case). Accordingly, even if Ritchey had preserved this claim, we would afford him no relief. *See Treiber*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/07/2021